# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LINDSAY JENKINS, <br><br> Plaintiff, <br> v. <br><br> JPMORGAN CHASE BANK, NA, *et al.*, <br><br> Defendants. | No. C09-0052TSZ <br><br> ORDER |

This matter comes before the Court under Local General Rule 8(c). Plaintiff has filed a "Motion to Recuse Judge Zilly" in the above-captioned matter. Dkt. # 22. The Honorable Thomas S. Zilly, United States District Judge, declined to recuse himself voluntarily and the matter was referred to the Chief Judge. Dkt. # 25. Plaintiff's motion is therefore ripe for review by the undersigned.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that

ORDER

bias or prejudice exists. A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

Plaintiff argues that Judge Zilly's dismissal of her claims against JPMorgan Chase on jurisdictional grounds and the issuance of an order to show cause regarding her claims against Fisher and Shapiro, LLC, are legally and factually incorrect. Objections to a judge's decisions are properly raised through an appeal, however, not a motion to recuse. If, as plaintiff suggests in her other filings, she can support her claim that she is a citizen of the United Kingdom, her remedy lies in presenting supporting evidence to Judge Zilly and/or appealing his determinations to the Ninth Circuit Court of Appeals.

Apparently recognizing that an extrajudicial source of prejudice is necessary, plaintiff asserts that Judge Zilly has been malicious, rude, and "assaultive" toward her and hypothesizes that he either dislikes women, the British, mortgagees, or the world in general or "has some sympathy for a failed local institution or a former law clerk." Dkt. # 22 at ¶ 6. Plaintiff has not substantiated any of her allegations. No hearings, teleconference, or in-person interactions of any kind are reflected in the record, and Judge Zilly's orders are measured and professional, with no hint of "assaultive behavior" or a "lack of courtesy." Plaintiff's conjecture regarding the possible source or sources of the alleged bias is equally unsupported. Plaintiff filed this motion to recuse only after Judge Zilly entered a dispositive order in favor of one of the defendants. The risk that plaintiff is using her unsupported allegations of bias to overturn a

decision on the merits is therefore considerable. In effect, plaintiff is seeking to remove Judge Zilly from this case because of his performance while presiding over this matter. Because a judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties as the presiding judicial officer, bias is almost never established simply because the judge issued an adverse ruling.

Having reviewed the record in the above-captioned matter, the Court finds that plaintiff's allegations are baseless and do not support her request for recusal. Judge Zilly's orders reflect the reasonable resolution of the issues before him based on the evidence provided at the time. Plaintiff is pursuing her claim of diversity jurisdiction before Judge Zilly and, if unsatisfied with his final ruling, can raise issues on appeal. She has not raised an inference of bias, and the Court finds that Judge Zilly's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, plaintiff's request to remove Judge Zilly from this matter is DENIED.

Dated this 10th day of June, 2009.

/s/ Robert S. Lasnik
Robert S. Lasnik
Chief Judge, United States District Court